IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BRYAN PATRICK, § | | |
| TDCJ-CID # 887605, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION V-05-032 | |
| § | | |
| JANE BOYLE, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**

Bryan Patrick, a prisoner of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a suit (*See* Docket Entry Nos. 1, 23, and 24) pursuant to 42 U.S.C. § 1983 against United States Magistrate Jane Boyle; Assistant Federal Public Defender Jason Hawkins; TDCJ-CID Access to Courts Administrator Frank Hoke; Former and Current Judges of the Texas Court of Criminal Appeals; Defense Attorney Danny Patterson; Texas State Magistrate Judge Bill Bachus; Dallas County Assistant District Attorney Stephani Hudgins, and the Westlaw Company. Patrick contends that he has been denied due process and access to the courts. After reviewing the plaintiff's allegations, the court will **DISMISS** this action as frivolous.

**I.  Procedural History and Allegations**

Patrick's complaint concerns his challenge to his state court judgment and sentence for delivery of a controlled substance and subsequent post-conviction petition for a writ of habeas corpus. *See Patrick v. Dretke*, No. 3:01cv1683 (N.D. Tex. Apr. 28, 2004) (Docket Entry No. 62, Magistrate's Findings, Conclusions, and Recommendation). Patrick pled guilty to the charge and

the trial court entered a deferred adjudication order placing him on probation in 1998. *Id*. at 2. On August 20, 1999, the trial court entered a "Judgment Adjudicating Guilt" and sentenced Patrick to twenty-five years imprisonment after finding that he had failed to comply with conditions of his probation. *Id*. Patrick subsequently filed a *pro se* motion for new trial and later a notice of appeal which was dismissed as untimely. *Id*. The state court of appeals issued a mandate on September 20, 2000. *Id*.

Patrick filed a *pro se* state application for a writ of habeas corpus on November 29, 2000. *Id*. at 3. The Texas Court of Criminal Appeals denied the application without a written order on the findings of the trial court without a hearing. *Id. citing Ex parte Patrick*, No. 48,324-01, slip op. at 1 (Tex. Crim. App. Feb. 7, 2001). Patrick filed a second state habeas application which the Court of Criminal Appeals dismissed as successive. *Id. citing*, *Ex parte Patrick*, No. 48,324-02, slip op. at 1 (Tex. Crim. App. June 20, 2001).

On August 27, 2001, while incarcerated in the TDCJ-CID Stevenson Unit near Cuero, Texas, Patrick filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Texas. During the proceedings, both Patrick and the respondent "filed numerous documents" with the district court. *Id*. Apparently, Patrick's pleadings were unmanageable, and on July 25, 2003, the assigned Magistrate Judge appointed an attorney, Jason Hawkins, to represent Patrick in order to "'narrow and focus the issues in [the] case.'" *Id*., *quoting* prior Order of July 25, 2003. A second amended petition was filed[1], and the respondent

---

[1] Patrick became dissatisfied with Mr. Hawkins's performance (*See* No. 3:01cv1683, Docket Entry Nos. 55 and 58) and filed a motion (Docket Entry No. 61) seeking Hawkins's removal from the case. The district court granted the motion, dismissed Mr. Hawkins, and ordered Patrick to proceed without an attorney. Docket Entry No. 67.

filed an amended answer. *Id*. In his answer (Docket Entry No. 60), the respondent argued that the petition should be dismissed as untimely under 28 U.S.C. § 2244(d) because the applicable state court judgment became final thirty days after the state court issued its deferred adjudication order. *Id*. at 4. In the alternative, the respondent argued that the habeas petition would be untimely even if the statute of limitations ran from the date the trial court adjudicated Patrick guilty, August 20, 1999. *Id*.

The respondent also argued that Patrick's first three claims were not cognizable under federal habeas corpus because they concern pre-sentence jail time credits which are not protected under federal constitutional law. *Amended Answer*, Docket Entry No. 60, at 13. The respondent also asserted that the state records demonstrated that Patrick had already received the pre-sentence credit he claimed he had been denied. *Id*. at 14. The respondent contended that the fourth claim, compulsory process regarding a confidential informant, had been waived by Patrick's guilty plea. *Id*. Finally, the respondent argued that Patrick's ineffective assistance of counsel claims (failure to move for disclosure of informant's identity, failure to dismiss enhancements, improper advice regarding guilty plea) were insupportable where the record demonstrated that he knowingly entered a guilty plea and pled true to the enhancements. *Id*. at 15-17.

The magistrate acknowledged that the respondent's timeliness argument may have had merit, but did not dismiss the action on those grounds. No. 3:01cv1683, Docket Entry No. 62, at 7. Noting the contorted procedural history of Patrick's case and the lack of merit of the claims, the court determined that it would be more efficient to dismiss the action on the basis of the grounds presented. *Id.* The court specifically stated that it expressed no view regarding the timeliness of Patrick's petition.

The district court dismissed the federal habeas petition after adopting the magistrate's findings of fact and conclusions of law. Patrick filed a notice of appeal, and both the district court and the United States Court of Appeals for the Fifth Circuit denied Patrick's request for a certificate of appealability. No. 3:01cv1683, Docket Entry Nos. 72 and 76. Patrick then filed a petition for a writ of certiorari which the Supreme Court denied on June 6, 2005. *Patrick v. Dretke*, 125 S.Ct. 2545 (2005).

Patrick complains in his civil rights suit that the defendants illegally interfered with his habeas corpus proceedings and denied him due process and access to the courts. He specifically alleges that United States Magistrate Boyle denied him access to the courts by trying to influence him to argue a legal issue which resulted in denial of a material witness. *See* No. 3:01cv1683, Docket Entry No. 24, at 5. Patrick also alleges that Magistrate Boyle was involved in a conspiracy to prevent him from questioning the informant. *Id*. at 7. He contends that Magistrate Boyle caused him to file numerous motions and an "ill fated" Petition for a Writ of Mandamus. *Id*. at 6.

Patrick complains that Hawkins failed to send him a notice of appearance and prevented him from filing his own motions to protect his rights. *Id*. at 6. He further complains that Hawkins refiled his state habeas corpus which was denied without a hearing and with prejudice. *Id*. Patrick contends that Hawkins's actions denied him the opportunity to challenge his guilty plea.

Patrick complains that the Texas Court of Criminal Appeals denied him due process and access to the courts by preventing him and other defendants from presenting their opinions on the law regarding deferred adjudication. *Id*. at 8. He contends that certain judges have conspired to interfere with access to information regarding appeals.

Patrick complains that he has been hindered in his efforts to seek relief because he has been denied access to United States Supreme Court case law. *Id.* at 9. He asserts that the law library at the Stevenson Unit is inadequate because it does not have any Supreme Court Case Reporters preceding Volume 92. He asserts that the following Supreme Court cases provide valuable authority in support of his habeas claims: *United States v. Klein*, 80 U.S. 128 (1872); *Bradley v. Fisher*, 80 U.S. 335 (1872); *United States v. Padelford*, 76 U.S. 531 (1869); *Ex Parte Virginia*, 100 U.S. 339 (1880). *Id.* He also complains that there are gaps in the Westlaw Digest series. Patrick asserts that the law librarian told him that the volumes were removed due to space limitations. Docket Entry No. 7, *Motion for Temporary Restraining Order,* at 2. Patrick admits that he is allowed to obtain case law through a loan program, but alleges that he must wait over two months for the materials to arrive. *Id.* He further complains that there are no trained paralegals at the units and he needs the missing materials to fully develop his claims. *Id.* at 4. Patrick has apparently named the Westlaw Company as a defendant because he believes it is also responsible for his perceived lack of adequate legal research material.

Patrick seeks an injunctive order to replace the missing Supreme Court Reporters and to update the Digests. He seeks damages for the anxiety and suffering that he experienced as a result of the purported illegal conviction and sentence.

## II. Analysis

Patrick's complaint relates to the outcome of his post-conviction challenge to the criminal conviction for which he is currently incarcerated. Although he has raised allegations regarding denial of access to the courts, his primary focus is the validity of his holding conviction. It is well

5

established that a prisoner cannot utilize a section 1983 civil rights suit for damages for the purpose of attacking the judgment and sentence for which he is being held until the judgment and sentence has been overturned either on direct appeal or in a habeas corpus proceeding. *Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994). *Heck* also applies to requests for injunctive relief where granting such relief would imply that a conviction is illegal. *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002). Patrick has already filed post-conviction challenges in both the state and federal courts. Both efforts were unsuccessful despite Patrick's excessive pleadings. To the extent that Patrick seeks to relitigate his criminal conviction, this action must be dismissed. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Most of the named defendants are judges or attorneys who have been sued for their actions relating to Patrick's conviction. Judges and courts are absolutely immune from liability for actions taken within their judicial capacities. *Stump v Sparkman*, 98 S.Ct. 1099 (1978); *Holloway v. Walker*, 765 F.2d 517 (5th Cir. 1985). The allegations show that the judges were acting within their official capacities in responding to Patrick's case. *See Hamill v. Wright*, 870 F.2d 1032, 1037 (5th Cir. 1989), *citing Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985); *Gundstrom v. Darnell*, 531 F.2d 272, 273 (5th Cir. 1979). Patrick cannot use this civil rights action to challenge the judges' decisions regarding his challenge to his criminal conviction. *Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995). Patrick's claims against the prosecutors are also insupportable because they too are entitled to absolute immunity for their role in the criminal proceedings. *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996).

Patrick's defense attorneys are immune from a section 1983 civil rights suit because they are not considered state actors for purposes of civil rights actions. *Mills v. Criminal District Court #3*,

837 F.2d 677, 679 (5th Cir. 1988).  This immunity applies even if the attorneys were appointed by the court or were employed as public defenders.  *Id.*; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995), *citing Polk County v. Dodson,* 102 S.Ct. 445 (1981).

The Westlaw Company should also be dismissed from this suit because it cannot be found to have acted under color of state law.    *Moore v. Willis Independent School Dist.*, 233 F.3d 871, 874 (5th Cir. 2000), *citing Lefall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994).  There is no cause of action if the plaintiff does not show that the alleged deprivation is fairly attributable to the state's involvement.  *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Westlaw and its employees are not state actors and cannot be held liable for any alleged violation of Patrick's civil rights.  *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743 (5th Cir. 2001).

The only defendant whose position does not make him automatically immune from this suit is Frank Hoke, the TDCJ-CID Access to Courts Administrator who Patrick alleges to be responsible for the deficiencies in the prison law library.  Under the Constitution, prison inmates have a right of access to the courts including the right to use a law library.  *See Bounds v. Smith*, 97 S.Ct. 1491, 1498 (1977).  However, the *Bounds* decision does not create a free-standing and unrestricted right to a law library.  *Lewis v. Casey*, 116 S.Ct. 2174, 2180 (1996).  It does not guarantee a prisoner the right to every volume that he might find to be useful in prosecuting his case.  *Id.* at 2182.  Some limits can be placed on the resource materials available to a prisoner.  *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).  To establish an access to courts claim, a plaintiff must show that his custodians interfered with his efforts in filing a nonfrivolous legal claim challenging a conviction or his prison conditions.  *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997), *citing Lewis*, 116 S.Ct. at 2182.  He must show that he has

been prevented from conducting basic research enabling him to present the claims that are essential to his petition or complaint. *Brooks v. Buscher*, 62 F.3d 176, 180 (7th Cir. 1995).

Patrick must show how the purported lack of resources prevented him from filing or pursuing his legal action. *MacDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998), *citing Eason*, 73 F.3d at 1328. Moreover, he must show that he was actually harmed by the alleged inadequacies of his prison's law library. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *citing Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988).

Using the United States Party/Case Index (http://pacer.uspci.uscourts.gov/), this court has reviewed the file in *Patrick v. Dretke*, No. 3:01cv1683, and has paid close attention to the pleadings filed by Patrick. Patrick's supporting memorandum (*Id.*, Docket Entry No. 2) contains at least 110 state and federal court citations including 39 cases from the United States Supreme Court. There are also citations to federal statutory law. Although the courts did not find that Patrick's arguments were persuasive[2], there is no doubt that Patrick had access to the law necessary to support his claims. Patrick's voluminous pleadings undermine his claim that he has been denied the materials necessary to state his claims to the courts. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988). Moreover, copies of grievances in the present action (Docket Entry No. 10) demonstrate that Patrick had alternative means to obtain copies of court opinions that were not available in the law library.

Although Patrick may not have had immediate access to all of the case law that might be available to a professional litigator, it is evident that he had sufficient resources to ensure that he

---

[2] This court was also unpersuaded concerning the merits of the claims. In addition, the Fifth Circuit has recently issued an opinion supporting the respondent's argument that Patrick's habeas challenge is time-barred under 28 U.S.C. § 2244(d). *Caldwell v. Dretke*, --- F.3d ----, 2005 WL 2766688, at *6 (5th Cir. Oct 26, 2005) (order of deferred adjudication is a final judgment for purposes of section 2244).

8

could prepare and transmit the necessary pleadings to pursue his claims.  *Eason*, 73 F.3d at 1329. Moreover, Patrick has failed to present any specific facts which show that he was harmed by the absence of a handful of century-old opinions from his research.  *See MacDonald*, 132 F.3d at 230-31.  Viewed in light of the court records filed in the habeas action, No. 3:01cv1683, and in the present civil rights action, Patrick's claims do not demonstrate that he was actually prevented from filing a necessary pleading which resulted in the dismissal of a court proceeding.  *Id.*  Therefore, there is no legal basis to his claims of denial of access to the courts.  *Id*.

The court is authorized to dismiss frivolous prisoner actions.  28 U.S.C. § 1915(e).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).  This complaint has no merit and, therefore, will be **DISMISSED** as frivolous.

### III. Application to Proceed In Forma Pauperis

Patrick's Application to Proceed In Forma Pauperis (Docket Entry No. 2) will be **GRANTED**.  However, he is still obligated to pay the entire filing fee ($250.00) under the provisions of 28 U.S.C. § 1915(b).  The TDCJ-CID Inmate Trust Fund will be **ORDERED** withdraw $ 1.60 from Patrick's inmate trust account.  Thereafter, the Inmate Trust Fund shall deduct 20 percent of each deposit made to Brown's account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire fee has been paid.

All other pending Applications to Proceed In Forma Pauperis (Docket Entry No. 19 and 20) will be **DENIED** as moot.

### IV. Other Motions

Patrick has filed several motions to amend his complaint and add supplemental claims. The motions (Docket Entry Nos. 5, 16, and 21) will be **GRANTED**. The court considered all of the allegations before determining that this action was frivolous.

Patrick has filed two motions for discovery. In one motion (Docket Entry No. 6), Patrick seeks copies of other Supreme Court cases. In another (Docket Entry No. 13), he seeks a copy of a contract that he believes to exist between Westlaw and the State of Texas which contains a standing order to omit "all incarcerations and various punishments in the printing of the Opinions under deferred adjudication Community Supervision which would question the veracity" of the Court of Criminal Appeals opinions set forth in *Davis v. State*, 968 S.W.2d 368 (Tex. Cr. App. 1998), and *Manuel v. State*, 994 S.W.2d 658 (Tex. Cr. App. 1999). *Id.* at 2. As noted above, the court found that there was no legal basis to Patrick's claims of denial of due process and access to the courts. Patrick's discovery efforts serve no purpose other than to harass the defendants and waste limited government resources. Therefore, the motions (Docket Entry Nos. 6 and 13) will be **DENIED**. *See Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996); *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

Patrick has filed a motion for a Temporary Restraining Order (Docket Entry No. 7) in which he seeks to prevent the TDCJ-CID Access to Courts administrator from removing Supreme Court case volumes from the prison law library. He has also filed a motion for injunctive relief (Docket Entry No. 14) in which he seeks an order allowing him to pursue his habeas claims. As stated above, Patrick's complaint is frivolous. Moreover, he has failed to carry the burden of persuasion that an injunction is proper or necessary. *Planned Parenthood of Houston and Southeast Tex. v.*

*Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Therefore, the motions for injunctive relief (Docket Entry Nos. 7 and 14) will be **DENIED**.

Patrick has filed a motion for a directed verdict in which he raises the same issues previously found to be meritless by the court. He has also filed a motion in which he seeks a ruling on the defendants' immunity so that he may immediately file an appeal. In addition, Patrick has filed a motion for service of process and a motion for a jury trial. All of these motions (Docket Entry No. 8, 17, 11, and 18) will be **DENIED** on the basis of the court's finding that the claims are frivolous.

Patrick has filed a motion in which he seeks to have this proceeding designated as a class action. Not only has Patrick failed to assert a viable claim, he has also failed to bear his burden of proof for class certification is *Lehocky v. Tidel Technologies, Inc.*, 220 F.R.D. 491 (S.D. Tex. 2004). The motion (Docket Entry No. 15) will be **DENIED**.

Finally, Patrick has filed a motion for court appointed attorney. In general, there is no right to court appointed counsel in civil rights cases. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). Appointment of counsel is not warranted in this action due to the elementary nature of its issues and Patrick's demonstrated ability to litigate his case. *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998). The motion (Docket Entry No. 12) will be **DENIED**.

## V. Conclusion and Order

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The TDCJ-CID Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

3.    This cause of action, filed by Inmate Bryan Patrick # 887605, is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

4.    The plaintiff's motions to amend and supplement his pleadings (Docket Entry Nos. 5, 16, and 21) are **GRANTED**.

5.    All other pending motions (Docket Entry Nos. 6, 7, 8, 11, 12, 13, 14, 15, 17, 18, 19, and 20) are **DENIED**.

6.    The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number Fax Number (936) 437-4793; ; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas  75702.

**SIGNED** on this 15th day of December, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE